EDWARD A. RIDLEY and Others, Respondents, *v.* THE MANHATTAN RAILWAY COMPANY and Another, Appellants.

*Order opening default — what terms should be imposed as a condition thereof.*

In an action for the recovery of damages begun in March, 1885, by the service of the summons, the defendant appeared and demanded a copy of the complaint. The time to serve the complaint was extended until November, 1887, when the plaintiff became in default by reason of his failure to serve it.

In March, 1893, a motion was made to open the default, which was granted on the payment of ten dollars costs.

*Held,* that the terms imposed, which would give the plaintiff a cause of action for damages extending over a period of fourteen years, the greater part of which would be barred by the Statute of Limitations, if a new action were brought, were insufficient;

That the court should have required the waiver by the plaintiff of all claim for damages during any period more than six years prior to March, 1893, and in addition, payment to the defendant of the costs of the action and motion.

APPEAL by the defendants, the Manhattan Railway Company and the Metropolitan Elevated Railway Company, from an order of the Supreme Court, made at the New York Special Term and

entered in the office of the clerk of the city and county of New York on the 21st day of April, 1893, opening the plaintiffs' default.

*Herbert Barry*, for the appellants.

*William R. Wilder*, for the respondents.

PER CURIAM:

This action was begun by service of a summons on March 26, 1885, and thereafter the defendants duly appeared and demanded a copy of the complaint. The plaintiffs were given by the defendants two years and a half within which to prepare and serve a complaint, and by the last extension, which was of one day only, the plaintiffs were apprised of the fact that defendants were unwilling to further extend the time to serve the complaint. At the end of such time, namely, on November 3, 1887, the plaintiffs were in default in failing to serve their complaint, and no attempt was made to have this default opened until March 13, 1893, a period of more than five years.

Upon the motion the excuse offered for what would appear to be gross *laches*, was that the former attorney for plaintiffs was sick and subsequently died, and that the fact that no complaint was served was not discovered for some years. It appears, however, that the plaintiffs' present attorney was the brother and associate in business of the former attorney for plaintiffs, and the excuse offered for the *laches* is thus deprived of much of its force and weight.

The learned judge at Special Term granted the motion to open the default upon condition that plaintiffs pay ten dollars costs of motion. Such terms, we think, were not sufficient.

The effect of opening the default in an action of this kind is to give the plaintiffs a cause of action for damages extending over a period of more than fourteen years, the greater part of which would be barred by the Statute of Limitations if a new action should not be brought, and thus, instead of losing, the plaintiffs would be rewarded for their neglect. This, we think, should not be permitted. Upon opening the default the judge should have required the plaintiffs to stipulate to waive all claims for damages during any period more than six years prior to March 30, 1893, which was the date of the order to show cause why the plaintiffs' default should

not be opened ; and in addition the plaintiffs should have been required to pay to defendants not only the costs of the motion, but the costs of the action. ·

We think, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to open the default denied, with ten dollars costs.

Present — O'BRIEN, P. J., FOLLETT and PARKER, JJ.

' Order reversed, with ten dollars costs and disbursements, and the motion to open the default denied, with ten dollars costs.